1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  ELIJAH SAMSON LOPEZ,            )      No. C 12-5254 LHK (PR)
                                    )
12              Petitioner,         )      ORDER TO SHOW CAUSE WHY
                                    )      PETITION SHOULD NOT BE
13      vs.                         )      DISMISSED FOR FAILURE TO
                                    )      EXHAUST STATE REMEDIES
14  AUDREY KING,                    )
                                    )      (Docket No. 2)
15              Respondent.         )
    _____ )

16

17        Petitioner, a civilly committed person proceeding *pro se*, seeks a writ of habeas corpus

18  pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.  The Court issues an order to

19  show cause to Petitioner why the petition should not be dismissed without prejudice because he

20  has not exhausted his state court remedies.[1]

21                              **BACKGROUND**

22        In 1993, Petitioner was released on parole.  In 1997, Petitioner was discharged from

23  parole and was crime free for several years.  In the underlying federal petition, Petitioner

24  challenges the 2004 decision to commit him under the Sexually Violent Predator Act.  Petitioner

25  alleges that he filed a direct appeal with the California Court of Appeal.  According to

26  Petitioner's petition, however, that appeal is still pending.  Petitioner concedes that he did not

27  _____

28        [1] Petitioner's motion to support the reason why he failed to exhaust in the California
    Supreme Court is deemed filed.  The Clerk shall terminate the motion.

1    raise the underlying claims before the California Supreme Court.

2                                    **DISCUSSION**

3          Prisoners in state custody who wish to collaterally challenge either the fact or length of

4    their confinement in federal habeas corpus proceedings are first required to exhaust state judicial

5    remedies, either on direct appeal or through collateral proceedings, by presenting the highest

6    state court available with a fair opportunity to rule on the merits of each and every claim they

7    seek to raise in federal court. 28 U.S.C. § 2254(b)-(c). The exhaustion requirement applicable

8    to federal habeas petitions is not satisfied if there is a pending post-conviction proceeding in

9    state court. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). If, for example, an

10   appeal of a state criminal conviction is pending, a would-be federal habeas petitioner must await

11   the outcome of his appeal before his state remedies are exhausted, even where the issue raised in

12   the petition has been finally settled in the state courts. *Id.*

13         Accordingly, the Court issues an order to show cause to Petitioner as to why the petition

14   should not be dismissed without prejudice to refiling once he exhausts his federal claims in state

15   court. Petitioner shall file a response **within thirty (30) days** of the filing date of this order

16   addressing: (1) whether he has a habeas petition, appeal, or other post-conviction proceeding

17   now pending before the state court; and, if so, (2) whether the underlying petition challenges the

18   same commitment at issue in his pending state case(s). **Failure to file a timely response will**

19   **result in the Court dismissing the instant petition without prejudice for failure to exhaust**

20   **state court remedies.**

21         It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and

22   all parties informed of any change of address by filing a separate paper captioned "Notice of

23   Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do

24   so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

25   Civil Procedure 41(b).

26         IT IS SO ORDERED.

27   DATED: _____11/28/12_____

28                                        LUCY H. KOH
                                          United States District Judge