IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH SAMSON LOPEZ,<br><br>              Petitioner,<br><br>  vs.<br><br>AUDREY KING,<br><br>              Respondent. | No. C 12-5254 LHK (PR)<br><br>ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY |

      Petitioner, a civilly detained person proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the underlying petition, petitioner challenges a 2004 decision to commit petitioner under the Sexually Violent Predator Act. Petitioner conceded that he did not raise his claims before the California Supreme Court. This court issued an order to petitioner to show cause why the petition should not be dismissed for failure to exhaust state court remedies. Petitioner has filed a response arguing that he is entitled to proceed because of exceptional circumstances. Specifically, petitioner gives reasons as to why he should not be adjudged a Sexually Violent Predator. For the reasons stated below, the court DISMISSES the petition without prejudice for failure to exhaust.

      As the court previously advised petitioner, prisoners in state custody who wish to collaterally challenge either the fact or length of their confinement in federal habeas corpus proceedings are first required to exhaust state judicial remedies, either on direct appeal or

Order of Dismissal; Denying Certificate of Appealability
P:\PRO-SE\LHK\HC.12\Lopez254disexh.wpd

through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim the prisoners seek to raise in federal court. 28 U.S.C. § 2254(b)-(c). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. *See id.*; *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process."). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *See Rhines v. Webber*, 544 U.S. 269, 273 (2005).

Petitioner has not presented any exceptional circumstances to excuse his failure to exhaust. Exhaustion is excused if either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii); *Edelbacher v. Calderon*, 160 F.3d 582, 585 (9th Cir. 1998) (requiring "extremely unusual circumstances"). Here, petitioner does not demonstrate that he is precluded from filing his claims in the California Supreme Court. Moreover, petitioner's concedes that he did not present any of the underlying claims to the California Supreme Court before filing this federal petition. Thus, petitioner has not fairly presented his claims to the highest state court prior to commencing this action. Accordingly, the court DISMISSES this action without prejudice for failure to exhaust.

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner has not shown "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

1 | district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
2 | Accordingly, a COA is DENIED.
3 |     IT IS SO ORDERED.
4 | DATED: 3/13/14

                          LUCY H. KOH
                          United States District Judge